IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JARELL D. TERRY                                                                                          PLAINTIFF
ADC #149998

v.                                           2:21-cv-00030-JM-JJV

JAMES DYCUS, Warden, ADC; *et al.*                                                        DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**DISPOSITION**

**I.      INTRODUCTION**

Jarell D. Terry ("Plaintiff") is a prisoner in the East Arkansas Regional Unit of the Arkansas Division of Correction ("ADC"). He is proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983. Plaintiff's remaining claim is that on May 20 or 29, 2019,[1] Sergeants Munn and Sykes used excessive force while putting him in a hall cage when he was delusional and did not allow him to decontaminate. (Doc. 57). All other claims and Defendants have been

---
[1] In the Second Amended Complaint, Plaintiff said this occurred on May 20, 2019. However, in his grievances Plaintiff said it happened on May 29, 2019. (Docs. 57, 100-3.)

1

dismissed without prejudice. (Docs. 23, 39, 44, 48, 69, 75, 112.)

Defendant Munn has filed a Motion for Summary Judgment arguing the claims against him should be dismissed without prejudice because Plaintiff failed to exhaust his administrative remedies. (Docs. 100-102.) That argument could equally apply to Defendant Sykes, who has not been served.[2] Accordingly, on March 9, 2022, I entered an Order, pursuant to Fed. R. Civ. P. 56(f), giving Plaintiff notice and the opportunity to explain why his claims against Defendant Sykes should not be dismissed without prejudice due to a lack of exhaustion. (Doc. 103.) Plaintiff has filed a Response. (Doc. 107.) For the following reasons, I recommend Defendant Munn's Motion for Summary Judgment be GRANTED, Plaintiff's claims against Defendants Munn and Sykes be DISMISSED without prejudice, and this case be CLOSED.

## II.   SUMMARY JUDGEMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere

---

[2] Service on Defendant Sykes, by certified mail, at the ADC and his last known address has not been successful. (Docs. 63, 86.)

speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.  DISCUSSION

#### A.  The Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to properly exhaust their administrative remedies as to each claim in the complaint and complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Importantly, the Supreme Court has emphasized "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218. Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility. *Id.*

### B. The ADC's Exhaustion Procedure

The ADC grievance policy in effect at the relevant time in this case was Administrative Directive 14-16. (Docs. 100-1, 100-2.) This Directive establishes a three-step procedure. (Doc. 100-1.) First, the inmate must attempt informal resolution by submitting a Unit Level Grievance Form to a designated problem solver within fifteen days of the incident. The form must include a brief statement that is specific as to the substance of the issue or complaint to include the date, place, "personnel involved or witnesses," and how the policy or incident affected the inmate submitting the form. (*Id*. § IV(E)(2))(emphasis added.) Inmates are cautioned a "[g]rievance must specifically name each individual involved in order that a proper investigation and response may be completed" and an inmate who "fails to name all parties during the grievance process" may have his or her lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties. (*Id*. § IV(C)(4).) And, the grievance form itself reminds prisoners to include the "name of personnel involved." (*Id.* at 20.) The problem solver must respond to the informal resolution within three working days. (*Id*. § IV(C)(4) and (7).)

Second, if informal resolution is unsuccessful or the problem solver does not timely respond, the inmate must file a formal grievance with Warden on the same Unit Level Grievance Form within three working days. (*Id.* § IV(E)(11) and (F)(5)(7).) The Warden must provide a written response to the formal grievance within twenty working days. (*Id*. § IV(F)(7).)

Third, an inmate who is dissatisfied with the response or does not timely receive a response, must appeal within five working days to the ADC Assistant Director. (*Id*. § IV(F)(8) and (G).) The ADC Assistant Director must provide a written response within thirty working days. (*Id*. at IV(G)(6).) A decision or rejection of an appeal at this level is the end of the grievance process. (*Id*.) Finally, the Directive includes the following warning:

> Inmates are hereby advised that they must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit or Claims Commission claim. If this is not done, the lawsuit or claim may be summarily dismissed.

(*Id*. at § IV(N).)

### C. Plaintiff's Grievances

The Inmate Grievance Supervisor says in her sworn declaration that Plaintiff filed five relevant grievances. (Doc. 100-1.) I disagree. As discussed in my Partial Recommended Disposition (Doc. 98), grievances EAM-20-33 and EAM-20-921 deal with a dismissed claim against Defendant Norment. (Doc. 100-3 at 1-3, 19-25.) Thus, there are only three relevant grievances pertaining to Defendants Sykes and Munn. In February and December 2020, Plaintiff filed EAM-20-365, EAM-20-920, and EAM-21-15 raising his May 2019 excessive force claim. (Doc. 100-3 at 5-18, 26-34.) But Plaintiff did not name Defendant Sykes or Munn in any of these grievances. (*Id*.) And, all three were rejected, without reaching the merits, because they were filed well beyond the fifteen-day deadline for doing so. (*Id*.)

The law on this matter is clear. To satisfy the PLRA's exhaustion requirement, prisoners must properly exhaust their administrative remedies according to the prison's grievance procedure. *Jones*, 549 U.S. at 218; *Muhammad v. Mayfield*, 933 F.3d 993, 1001 (8th Cir. 2019) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, not the PLRA, that define the boundaries of proper exhaustion"). Here, it is undisputed Plaintiff failed to comply with the ADC's deadline for filing the grievance and the requirement that he specifically named each individual involved. *See Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014) (finding improper exhaustion when the "ADC was not asked to evaluate the conduct" of the defendant "or the distinct § 1983 claims first asserted" in the lawsuit). Thus, he failed to properly exhaust his administrative

5

remedies for two reasons.

The Supreme Court of the United States has emphasized complete and proper exhaustion is "mandatory," and that courts cannot consider the merits of a prisoner's claims until that hurdle has been cleared. *Jones,* 549 U.S. at 211. The only exception to the exhaustion requirement is if administrative remedies were "unavailable," such as when the prison grievance procedure is "so opaque that it becomes . . . incapable of use," or when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake,* 136 S. Ct. 1850, 1859-60 (2016); *Townsend v. Murphy,* 898 F.3d 780, 783 (8th Cir. 2018).

In his unsworn Response, Plaintiff says he did not timely exhaust his May 2019 excessive force claim because he "was mentally incompetent." (Doc. 107 at 1.) But Plaintiff has not offered <u>any</u> <u>evidence</u> demonstrating his mental state was so poor during the fifteen day period following the May 2019 use of force that he was unable to complete a grievance form. *See Maddix v. Crawford,* No. 05-4119, 2007 WL 465518 (8th Cir. Feb. 14, 2007) (unpublished decision) (affirming summary judgment when a prisoner did not present any evidence supporting his contention that defendants thwarted his attempts at exhaustion); *Sergent v. Norris*, 330 F.3d 1084, 1085-86 (8th Cir. 2003) (finding no evidence in the record that an inmate was prevented from effectively utilizing grievance procedures). And, that argument is inconsistent with Plaintiff's assertion, in EAM-21-0015, that he previously grieved the incident but received no response from ADC officials.

Plaintiff also says administrative remedies were unavailable because he was temporarily "blinded" by the pepper spray and the disciplinaries written about the incident incorrectly identified which officers sprayed him. (Doc. 107 at 1.) While that argument could possibly

excuse Plaintiff's failure to specifically name Defendants Munn and Sykes, it has no bearing on his failure to timely file a grievance raising the claim against any ADC officials. *See Townsend*, 898 F.3d at 784 (finding improper exhaustion when a prisoner demonstrated unavailability for only one of the two reasons his grievance violated prison rules). For these reasons, I conclude Plaintiff had available administrative remedies he failed to properly exhaust. According, Defendants Munn and Sykes are entitled to summary judgment, and I recommend they be dismissed without prejudice from this lawsuit. *See Jones*, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

### D. Three Strikes Provision

Defendant Munn ask the Court to impose a strike, under 28 U.S.C. § 1915(g), for the dismissal of this action. As explained in my Partial Recommended Disposition (Doc. 98), the Eighth Circuit recently held in *Gonzalez v. United States*, 23 F.4th 788, 790 (8th Cir. 2022) that strikes cannot be imposed at the time of dismissal.

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMEND THAT:

1. Defendant Munn's Motion for Summary Judgment (Doc. 100) be GRANTED, All claims against Defendants Munn and Sykes be DISMISSED without prejudice due to a lack of exhaustion, and this case be closed.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order and Judgment adopting these recommendations would not be taken in good faith.

Dated this 5th day of April 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE